IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. H-13-1547 |
| RICHARD ROHLEDER *and All Occupants*, | § § § | |
| Defendants. | § § § | |

## ORDER

Pending before the Court is Plaintiff's Motion to Remand (Document No. 3).

Having considered the motion, submissions, and applicable law, this Court finds that

the motion should be granted.

## I. BACKGROUND

This action arises out of an eviction proceeding relating to real property located

at 2006 Pecan Forest Court, Richmond, Texas 77469 (the "Property"). On March 26,

2013, Plaintiff Deutsche Bank National Trust Company ("Deutsche Bank") filed suit

against Richard Rohleder ("Rohleder"), a resident and citizen of Texas, for forcible

detainer in the Justice of the Peace Court, Precinct 3 of Fort Bend County, Texas,

seeking possession of the Property. Judgment for possession of the Property was

granted in favor of Deutsche Bank.[1] Rohleder then appealed to the County Court at Law No. 1, Fort Bend County, where judgment was again granted in favor of Plaintiff on May 28, 2013.[2] Following the entry of the judgment for possession, Rohleder filed a notice of removal on May 28, 2013, alleging diversity jurisdiction. Three days after Rohleder's notice of removal, Deutsche Bank filed a motion to remand, arguing improper removal based on timeliness of removal and lack of federal diversity jurisdiction.[3] Rohleder has not responded to Deutsche Bank's motion. As such, Rohleder's failure to respond will be taken as a representation of no opposition. S.D. TEX. LOCAL R. 7.4.

## II. LAW & ANALYSIS

Federal courts have original jurisdiction over any civil action "where the matter in controversy exceeds . . . $75,000 . . . and is between citizens of different States." 28 U.S.C. § 1332(a). A party seeking to remove a case "bears the burden of showing the

---

[1] *Plaintiff's Motion to Remand*, Document No. 3, Exhibit A-1 (*Judgment for Possession of Property*, Justice of the Peace Court).

[2] *Plaintiff's Motion to Remand*, Document No. 3, Exhibit A-2 (*Register of Actions*, Justice of the Peace Court); *id.*, Exhibit A-3 (*Final Judgment*, County Court). Defendant failed to appear in both the Justice of the Peace Court, Precinct 3, and the County Court at Law No. 1, Fort Bend Country. *See id.*, Exhibit A-1 (*Judgment of Possession of Property*, Justice of the Peace Court); *id.*, Exhibit A-3 (*Final Judgment*, County Court).

[3] *Plaintiff's Motion to Remand*, Document No. 3.

federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

However, pursuant to the "forum-defendant rule," even if diversity jurisdiction exists, an action "shall be removed only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Thus, "[d]efendants may remove an action on the basis of diversity of citizenship if there is complete diversity . . . and no defendant is a citizen of the forum State." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 82 (2005). Further, "[t]o properly file a notice of removal, the defendant must file 'a notice of removal . . . within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may be ascertained that the case is one which is or has become removable.'" *Caballero v. State Farm Lloyds*, CA-C-03-266, 2003 WL 23109217, at *3 (S.D. Tex. Oct. 31, 2003) (citing 28 U.S.C. § 1446(b)).

## A.     Forum Defendant Rule

Deutsche Bank asserts that this case cannot be removed to federal court on the basis of diversity of citizenship because Rohleder is a citizen of Texas.[4] Indeed, it is admitted in the Notice of Removal that Rohleder is an individual resident citizen of

---

[4] *Plaintiff's Motion to Remand*, Document No. 3 at 3.

the State of Texas. [5] The case law is clear that "[a]n action may not be removed on the basis of diversity jurisdiction if any defendant, properly joined and served, is a citizen of the state where the plaintiff filed suit." *Fed. Nat. Mortg. Ass'n v. Smith*, 3:13-CV-1091-K-BN, 2013 WL 1759521, at *2 (N.D. Tex. Apr. 5, 2013); *see also In re 1994 Exxon Chem. Fire.*, 558 F.3d 378, 391 (5th Cir. 2009) (removal of case in violation of "forum defendant rule" is not permitted). Thus, because Rohleder is a citizen of Texas and removed this case on the basis of diversity to a federal court sitting in Texas, removal was improper under the "forum-defendant rule" set forth in 28 U.S.C. § 1441(b).

B.    *Timeliness of Removal*

Moreover, Rohleder premises the timeliness of his removal on the commencement of the appeal at the county court. But courts have determine that, in forcible detainer suits, the thirty-day time limit for removal begins to run from service of the justice of the peace suit, rather than the county court of appeals suit because "justice of the peace courts have exclusive, original jurisdiction over forcible entry and detainer cases [and] the case in the county court is necessarily a continuation of the original suit." *Shaw v. Nix*, H-98-2927, 1998 WL 894587, at *1 (S.D. Tex. Dec. 18, 1998); *see also Fed. Nat. Mortg. Ass'n v. Rice*, 3:11-CV-789-K, 2011 WL 3348083,

---

[5] *Notice of Removal*, Document No. 1 at 2.

4

at *2 (N.D. Tex. July 5, 2011) (finding "the thirty days for removal . . . began to run

from service of the justice of the peace suit for forcible detainer"); *Deutsche Bank Nat.*

*Trust Co. v. Lee*, 3:10-CV-2143-L, 2010 WL 5441673, at *2 (N.D. Tex. Dec. 23,

2010) (holding that an appeal to the county court was a continuation of the forcible

detainer suit originally brought in the justice of the peace court).

Here, Deutsche Bank filed an Original Petition for Forcible Detainer in the

justice of the peace court.[6] On March 12, 2013, Rohleder was served with the justice

of the peace suit.[7] Consistent with the above cases, it was at this point that the thirty-

day removal deadline began to run. *See Wells Fargo Bank, N.A. v. Robinson*,

3:13-CV-0396-M-BK, 2013 WL 1809630, at *1 (N.D. Tex. Apr. 8, 2013) (finding a

removal attempt "untimely because . . . notice of removal was filed [over thirty days]

after Defendant was served with Plaintiff's forcible detainer suit in the justice of the

peace court").

Thus, in the instant case, Rohleder had until April 11, 2013—thirty days after

service was effected on March 12, 2013—to file a notice of removal. Rohleder's

notice of removal was instead filed on May 28, 2013—seventy-seven days after

---

[6] *Plaintiff's Motion to Remand*, Document No. 3, Exhibit A-4 (*Register of Actions*, County Court).

[7] *See Plaintiff's Motion to Remand*, Document No. 3, Exhibit A-4 (*Register of Actions*, County Court).

service was effected. As such, removal was untimely. Having found that removal was both untimely as well as improper under the "forum-defendant rule," the Court determines that the case must be remanded.

## III. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Plaintiff's Motion to Remand (Document No. 3) is **GRANTED**. This case is therefore **REMANDED** to the County Court at Law No. 1, Fort Bend County, Texas. The clerk will provide a copy of this Order to the District Clerk of Fort Bend County, Texas.

SIGNED at Houston, Texas, on this 19th day of July, 2013.

DAVID HITTNER
United States District Judge